# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

    vs.                              **CASE NO.:  2:06-CR-011 (1)**
                                                 **JUDGE SMITH**
                                                 **MAGISTRATE JUDGE DEAVERS**

**MARIO R. WHITE,**

      **Defendant.**

## ORDER

On December 18, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the Defendant's supervised release be revoked and that he be sentenced to a term of imprisonment of eleven months, with an additional period of two years of supervised release to follow. (Doc. 86).

The Magistrate Judge held a final supervised release revocation hearing on December 10, 2012. The Defendant stipulated to the violations of supervised release described in the Probation Officer's report. Specifically, Defendant stipulated that he violated Mandatory Condition Number 1, which prohibits him from committing a federal, state or local law and Standard Condition Number 11, which requires Defendant to notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.[1]

---

[1] Defendant did not admit to committing the two instances of domestic violence noted in the Violation Report, asserting that the May 17, 2012 charges had been dismissed and a trial has not yet been held on the September 20, 2012 alleged offenses. Nevertheless, he conceded that he committed the other crimes outlined in the report and failed to report all of the arrests to the Probation Officer.

Additionally, Defendant admitted that he violated Standard Condition Number 2 by failing to report to the Probation Office as instructed and failing to submit monthly reports. Defendant also conceded that he violated Standard Condition 3 that he shall truthfully answer all inquiries by the probation officer; Special Condition 1 that he participate in a substance abuse treatment program; and Standard Condition 7 that he refrain from excessive use of alcohol and refrain from use of controlled substances.

The parties had no objections to the factual statements contained in the Supervised Release Violation Report, not did they object to the probation officer's conclusions regarding the advisory sentencing guideline range of 5 to 11 months based on a Grade C violation and criminal history category III.  No additional evidence was presented.  The Magistrate Judge heard arguments from counsel regarding the appropriate sentence.  Specifically, defense counsel noted Defendant's addiction to pain medication and argued for a split sentence involving a residential treatment program such as the Alvis House.  The Magistrate Judge noted that the Defendant also spoke and was remorseful for his conduct.

Based on all this information, the Magistrate Judge carefully considered the factors set forth in 18 U.S.C. § 3553(a) and recommended that Defendant's supervised release be revoked and that he be sentenced to  eleven months imprisonment, with an additional period of two years of supervised release to follow.  The Magistrate Judge specifically acknowledged "Defendant's repeated failure to report contact with law enforcement personnel particularly when the arrests related to allegations of significant violence.  He failed to participate in any meaningful way with drug addiction treatment and admitted abusing prescription drugs.  He has continued to engage in criminal behavior during supervision."  (R & R at 2-3).

Defendant was specifically informed of his right to contest the Report and Recommendation by filing any objections within 14 days of the issuance of the Report and Recommendation. Defendant filed an initial objection to the Report and Recommendation on January 4, 2013, and also filed a Supplemental Memorandum on February 22, 2013 (Docs. 87 and 88). Defendant's objection is now before the Court.

The Court reviews de novo the portions of the Report and Recommendation that the Defendant has objected to. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Defendant White does not object to the determination that he violated the conditions of his supervised release as set forth in the Supervised Release Violation Report. The Court does not find any clear error with respect to the Magistrate Judge's determination that Defendant White violated the conditions of his supervised release, therefore, the Court adopts the findings of the Magistrate Judge that the Defendant violation the conditions of his supervised release as outlined in the violation report. Defendant White does not object to the calculation of his advisory guideline range, but does object to the sentence recommended by the Magistrate Judge, asserting that it is greater than necessary to accomplish the goals of sentencing codified in 18 U.S.C. § 3553(a)(2).

The Court has independently reviewed the Supervised Release Violation Report and carefully considered the arguments of the parties. Carefully weighing the factors set forth in 18 U.S.C. §3553(a), the Court agrees with the recommendation of the Magistrate Judge. The Court acknowledges Defendant's arguments regarding his addiction to prescription pain killers, however, this does not excuse his failure to comply with the conditions of supervised release. The United States Probation Office is intended to be a resource for individuals like the Defendant to ensure they receive the necessary help to live a law-abiding life. Unfortunately, the Defendant's attendance at

his counseling sessions and meeting with his probation officer were sporadic. Further, Defendant was charged with a number of misdemeanor and traffic offenses and he failed to report those to his probation officer. The Court acknowledges that the domestic violence cases were dismissed, but Defendant was still convicted of falsification, obstructing official business, failure to display headlights, and failure to control.

Defendant argues that these offenses are relatively minor and are the type of offenses that would ordinarily be excluded from a Defendant's criminal history computation. However, the Court is not computing criminal history. The Defendant was on supervised release and was ordered by this Court not to commit any Federal, state, or local crimes. Defendant completely disregarded this condition, as well as the other conditions of supervised release on multiple occasions.

Defendant also requests a split sentence or alternative sentence to ensure Defendant receives the substance abuse treatment he needs. The Court does believe it is important for the Defendant to receive substance abuse treatment, which is why it was ordered as a condition of his supervised release. Again, the Defendant did not take advantage of this opportunity when given, but now requests it when faced with an additional term of imprisonment.

Based on a careful review of all the evidence in this case, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and hereby confirms the revocation of Defendant's supervised release. Defendant is hereby sentenced to eleven months imprisonment, with an additional period of two years of supervised release to follow. The sentence imposed is reasonable in light of the Defendant's multiple violations of his conditions of supervised release. The Court does not find that the sentence is greater than necessary to accomplish the goals of sentencing.

**IT IS SO ORDERED.**

                     */s/ George C. Smith*
                     **GEORGE C. SMITH, JUDGE**
                     **UNITED STATES DISTRICT COURT**